IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CENTURY SURETY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-386-C |
| | ) |
| SHAYONA INVESTMENTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant owns and operates a hotel in Shawnee, Oklahoma, known as the Cinderella Inn. From October 19, 2011, through October 19, 2012, Plaintiff provided a commercial lines policy of insurance to Defendant for the Cinderella Inn. During the time of the policy, Defendant made a number of claims on the insurance policy. Believing that certain of the claims made by Defendant were fraudulent, Plaintiff filed the present action seeking a declaratory judgment that it did not have an obligation to pay the claims submitted by Defendant. Additionally, Plaintiff seeks to recoup some of the monies paid out to Defendant. Plaintiff has now filed a Motion for Summary Judgment, arguing the undisputed material facts demonstrate it is entitled to relief on its claims and that it is entitled to recover damages from Defendant in the amount of $863,114.10. Defendant has filed a response, arguing that Plaintiff has misstated many of the facts and that there is no support for its claims of fraud.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted

only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In order to prevail on its claims of fraud against Defendant, Plaintiff must show "'(1) a false misrepresentation of a material fact, (2) made as a positive assertion either known to be false or recklessly made without knowledge of the truth, (3) made with the intention of causing the other party to act, and (4) which is relied on by the other party to his or her own

2

detriment.'"  Voorhis v. BOK Fin. Corp., Case No. 13-CV-197-CVE-TLW, 2013 WL 5937395 at *12 (N.D. Okla. 2013) (quoting Gish v. ECI Servs. of Okla., Inc., 207 OK CIV APP 40, ¶ 14, 162 P.3d 223, 228, ¶ 14).  In support of its claims of fraud, Plaintiff points to five instances of alleged fraudulent conduct by Defendant.

## 2011 Vandalism Claim Part One

According to Plaintiff, Defendant submitted invoices from "Right Way Services" for damages to the hotel and bar in the amount of $712,798,00.  Plaintiff argues these invoices were fraudulent, in that the contractor never operated under the name "Right Way Services" and did not create the invoices in question.  In response, Defendant asserts it has never seen the invoices relied on by Plaintiff, that it did not create them, but that most likely they were created by the contractor.

The documents from Right Way Services are not all invoices or billings for services rendered.  Rather, there are four estimates in the amounts of $101,264.00, $79,890.00, $232,400.00, and $93,642.00.  Then there are invoices or bills for work purportedly performed in the amount of $9,200.00, $47,990.00, $78,140.00, and $70,272.00.  Thus, the amount actually "billed" by Right Way was substantially less than the $712,798,00 argued by Plaintiff.  That error aside, and focusing on the basis for Plaintiff's claim, there simply is no evidence that any of the invoices were ever submitted to Plaintiff.  Plaintiff fails to offer any documents from its claims file or any other internal documents demonstrating that the invoices were, in fact, submitted by Defendant to Plaintiff.  To the extent Plaintiff relies on Defendant's interrogatory response, that response does not, in fact, support a claim of

submission of the invoices. Rather, the interrogatory requests information about individuals who performed repairs or improvements to the premises from January 1, 2008, to the present and asks Shayona to itemize the amounts paid. Listed within Defendant's response are itemizations for the estimates and invoices noted above. Defendant neither admits nor suggests that it submitted those invoices to Plaintiff and made a request for payment. Further, the affidavit of Plaintiff's corporate claims vice president has attached to it a listing of claims paid based on the vandalism claim. There are no payments listed there to Right Way Services or any associated entity.

Plaintiff also complains of Defendant's request for payment for lost business income. According to Plaintiff, Defendant submitted a request for lost business income based upon the days the bar was closed following the vandalism. Plaintiff argues that this claim was fraudulent because records from the ABLE Commission and various other licensing agencies indicate that the bar was not licensed to operate at the time the loss of income allegedly occurred. While the documents do, in fact, reflect that a license was applied for in 2012, there is no evidence that the previous operator of the bar was not licensed. That is, Plaintiff has offered no evidence showing that the bar did not have a license prior to the date of the applications appended to its Motion for Summary Judgment and that the prior operator was not properly licensed and, in fact, in operation. In its reply, Plaintiff complains that Defendant has simply offered an unsubstantiated allegation that it was paid rent based on the date the bars were open without any proof of which days those were. However, at this stage

of the proceeding, it is not Defendant's burden to prove or disprove any claims. Rather, the burden rests with Plaintiff, as the moving party, to demonstrate the absence of material fact.

Accordingly, Plaintiff has failed to prove that the undisputed material facts demonstrate Defendant made a positive assertion, either known to be false or recklessly made without knowledge of the truth, which Plaintiff ultimately relied upon in paying a claim. Plaintiff's request for summary judgment on the 2011 Vandalism Claim Part One will be denied.

## 2011 Vandalism Claim – Part Two

Plaintiff argues that Defendant sought additional insurance for destruction of sinks and toilets in the bar and those items were never actually damaged. As to this claim, Plaintiff again fails to meet its burden of proof. At a minimum, questions of fact remain regarding whether or not Plaintiff ever actually made any payment based upon Defendant's alleged supplemental claims. The documents appended to Plaintiff's Motion include reports from an adjustor sent out to review the claim and make a report. That adjustor recommended a denial of claim and Plaintiff has failed to come forward with any evidence establishing that payments were made to Defendant based on the allegedly fraudulent supplemental claim. Once again, Plaintiff has failed to meet its burden of showing an absence of disputed fact and its request for summary judgment on this issue will be denied.

## 2012 Hail Claim – Part One

According to Plaintiff, Defendant submitted an "R. Toy & Sons Painting & Drywall" invoice for alleged hail-related damage in the amount of $312,260.00. Plaintiff again

5

complains that Defendant has manufactured invoices for a non-existent entity and submitted those invoices to Plaintiff in order to receive payments under the policy.  In support of its arguments, Plaintiff offers an affidavit from Mr. Toy establishing that there was no entity as R. Toy and the purported work was never performed.  However, in response the Defendant has offered a counter-affidavit from Mr. Toy disputing the affidavit presented by Plaintiff and casting some doubt on whether or not his original statements were accurate.  This type of dispute cannot be resolved at the summary judgment stage but leaves a question for the trier of fact.

Plaintiff also complains about Defendant's request for loss of income. Plaintiff argues that Defendant based its claim on an ability to rent 62 rooms, but documents from the Oklahoma Department of Health demonstrate it was licensed to rent only 11 rooms.  It is far from clear that the document relied upon by Plaintiff establishes that Defendant could rent only 11 rooms at a time.  Indeed, the document is entirely unclear about any meaning to be assigned the room numbers listed and, at the same time, the license shows Defendant was charged a fee for a business renting up to 99 rooms.

Given the disputes with the evidence presented by Defendant, Plaintiff has failed to prove that the undisputed material facts demonstrate Defendant made a positive assertion, either known to be false or recklessly made without knowledge of the truth, which Plaintiff ultimately relied upon in paying a claim.  Plaintiff's Motion will be denied on this issue.

**2012 Hail Claim – Part Two**

Plaintiff also complains about a proposal and agreement which included the cost of replacing a number of HVAC and refrigeration units, including a 25-ton chiller system, due to the May 29, 2012, hail storm. Plaintiff has offered affidavits arguing that the chiller never existed and that it was a representative of Defendant who requested that the contractor offer a false statement, and that the same contractor noted that several of the HVAC units' damage was not due to the current storm, but was from age or the result of a lack of proper care and maintenance. Countering this evidence are affidavits offered by Defendant from additional individuals arguing that the units had clearly suffered hail damage and that the chiller did, in fact, exist.

Once again, resolution of these disputes cannot be made at this stage; rather, a determination of the credibility of each witness and their veracity is in issue for the trier of fact.

## 2012 Hail Claim – Part Three

Plaintiff argues that Defendant submitted a claim for $745,600.00 for work done on the hotel roofs, when the actual amount spent for repair was $217,836.85. According to Plaintiff, Defendant grossly inflated its claim in order to commit fraud.

In response, Defendant contests Plaintiff's analysis of the facts, arguing that it has paid substantially more for repairs to the roof than that argued by Plaintiff and that ultimately, once the value of the loss was determined, the question of how much Defendant ultimately paid to repair that loss is not a question of fraud. In this regard, Defendant argues that it operated as its own general contractor and negotiated better deals with suppliers and contractors in order to obtain some savings over the initial estimates relied on by Plaintiff.

Once again, the documents appended to Plaintiff's Motion simply cannot support its claims of fraudulent acts by Defendant. While it may be that Defendant has committed wrong, neither the documents offered by Plaintiff nor its counsel's analysis of those documents and argument in support are sufficient for the Court to determine the matter at this stage. Consequently, the Motion for Summary Judgment will be denied on this issue.

Plaintiff also requests summary judgment in its favor in an amount of monetary damages, arguing those amounts reflect monies improperly paid based on Defendant's fraudulent conduct. As noted herein, Plaintiff has failed to come forward with evidence sufficient to establish its claims of fraud. Consequently, it is also not entitled to recover any monetary damages at this time.

For the reasons stated herein, Plaintiff Century Surety Company's Motion for Summary Judgment (Dkt. No. 31) is DENIED. Defendant Shayona Investment's Motion to Strike Plaintiff's Reply Brief [Doc. 42] or Alternatively, Application for Leave to Respond to Same (Dkt. No. 43) is DENIED as moot.

IT IS SO ORDERED this 23rd day of April, 2014.

ROBIN J. CAUTHRON
United States District Judge